UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CASE NO. 4:23-cv-119-RGJ

*Electronically Filed*

VICKEY MERCER                                                        PLAINTIFF

v.                            **NOTICE OF REMOVAL**

WAL-MART STORES EAST, LIMITED                          DEFENDANT
PARTNERSHIP

* * * * *

Defendant, Wal-Mart Stores East, Limited Partnership ("Walmart") by counsel, states as follows in support of its removal of this action:

1.      There was an action commenced which is now pending in the Muhlenberg Circuit Court, Civil Action No. 23-CI-00032, in which the above-named Vickey Mercer is the Plaintiff and Wal-Mart Stores East, Limited Partnership ("Walmart") is the Defendant.  (*See* Plaintiff's Complaint, attached as Exhibit 1).

2.      Wal-Mart Stores East, Limited Partnership has a general partner, WSE Management, LLC, and a limited partner, WSE Investment, LLC, both of which are Delaware limited liability companies whose sole member is Wal-Mart Stores East, LLC.  Wal-Mart Stores East, LLC is now and was at the time of the commencement of this action and at all times pertinent hereto, a wholly owned subsidiary of Walmart Inc.  Walmart Inc. is the only member of Wal-Mart Stores East, LLC.  Walmart Inc. is a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Arkansas.  For these reasons, Wal-Mart Stores East, Limited Partnership is now and was at the time of the commencement of this action, and at all times pertinent hereto, a citizen of the states of Delaware and Arkansas.

3.      Plaintiff, Vickey Mercer, is now and was at the time of the commencement of this action, and at all times pertinent hereto, a citizen and resident of the Commonwealth of Kentucky, and not a citizen or resident of Delaware or Arkansas. (*See* Exhibit 1).

4.      This is a personal injury case.  In Plaintiff's Complaint, Plaintiff claims she was struck by falling merchandise while shopping Central City Walmart in Central City, Kentucky. (*See* Exhibit 1).  As a result, Plaintiff claims she suffered injuries which caused her to sustain losses and damages by way of medical bills, pain and suffering past and future, future medical bills, permanent impairment, lost wages, and impairment to his power to earn money.  Walmart could not ascertain whether this case was removable based solely on Plaintiff's Complaint.

5.      On February 16, 2023, Walmart sent Plaintiff Requests for Admissions, one of which asked Plaintiff to admit that she would not "seek damages in excess of $75,000, exclusive of interest and costs, at the trial of this matter."  (*See* Walmart's Requests for Admissions to Plaintiff, attached as Exhibit 2).

6.      On May 18, 2023, Walmart received Plaintiff's Responses to Walmart's Request for Admission in which Plaintiff stated, "**Plaintiff can neither admit nor deny that she will not seek damages in excess of $75,000.00, exclusive of interest and cost, at the trial of this matter at this time.  She is still receiving medical treatment for her injury so the full extent of her damages is unknown at this point.  Plaintiff will timely supplement this response when she is able to do so accurately after receiving more medical care and learning more about her prognosis.**"  (*See* Plaintiff's Responses to Walmart's Requests for Admissions, attached as Exhibit 3).

7.      On September 22, 2023, counsel for Walmart sent a letter to Plaintiff's counsel requesting that she clarify her Responses to the Requests for Admissions.

8.    On October 10, 2023, Plaintiff's counsel sent Walmart's counsel a letter and Amended Response to Walmart's Request for Admission in which Plaintiff stated, "**Deny**." (*See* Plaintiff's Amended Response to Walmart's Request for Admissions, attached as Exhibit 4) (emphasis added).

9.    Based on the foregoing, Walmart has reason to believe that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. (*See* Exhibit 4).

10.    This action involves a controversy between citizens of different states, as the Plaintiff is a resident and citizen of Kentucky, while Wal-Mart Stores East, Limited Partnership is a citizen of the states of Delaware and Arkansas. The United States District Court is given original jurisdiction in a case in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332; 28 U.S.C. § 1446.

11.    This Notice is filed within thirty (30) days of Walmart's receipt of Plaintiff's Amended Responses to Walmart's Requests for Admissions. Notice of Removal is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

12.    Copies of all process, pleadings and orders served on Walmart as of the date of the filing of this Notice of Removal are attached hereto as Exhibit 5.

13.    Written notice of the filing of this Notice of Removal and exhibits hereto were served upon Plaintiff's counsel via U.S. Mail on October 26th, 2023.

WHEREFORE, Defendant, Wal-Mart Stores East, Limited Partnership, prays that it may effect the removal of this action from the Muhlenberg Circuit Court to this Court and for all other appropriate procedures.

Respectfully submitted,

*/s/ M. Grant Grissom*
CHRISTOPHER R. CASHEN
Dinsmore & Shohl LLP
100 West Main Street, Suite 900
Lexington, KY 40507
Telephone:  (859) 425-1000
Facsimile:   (859) 425-1099
christopher.cashen@dinsmore.com

and

M. GRANT GRISSOM
Dinsmore & Shohl LLP
101 S. Fifth Street, Suite 2500
Louisville, KY 40202
Telephone:  (502) 540-2300
grant.grissom@dinsmore.com

*Counsel for Defendant, Wal-Mart Stores East, Limited Partnership*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of October, 2023, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system:

James E. Stoltz
Gerling Law Offices, P.C.
P.O. Box 3203
Evansville, IN 47731
jim@gerlinglaw.com

*Counsel for Plaintiff*

/s/ M. Grant Grissom
*Counsel for Defendant, Wal-Mart Stores East, Limited Partnership*