UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00119-RGJ-HBB

VICKEY MERCER                                                                                             PLAINTIFF

VS.

WAL-MART STORES EAST, LIMITED PARTNERSHIP                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff Vickey Mercer (DN 14) to amend the scheduling order. Defendant Wal-Mart Stores East, Limited Partnership has filed a response in opposition (DN 16), and Mercer filed a reply (DN 17).

Mercer initially filed this personal injury action in Muhlenberg Circuit Court on January 27, 2023 (DN 1-2). She contends that she was a business invitee at Wal-Mart when improperly stacked cases of bottled water fell on her, injuring her left leg and knee (Id. at p. 2). Wal-Mart filed a notice of removal to this Court under diversity jurisdiction on October 26, 2023 (DN 1).

On January 5, 2024, the Court entered a scheduling order (DN 10). The order established a deadline of May 3, 2024, for completion of fact discovery. Mercer's identification of experts was due by June 7, 2024, Wal-Mart's identification of experts was due August 9, 2024. Expert discovery to be completed by September 27, 2024, and dispositive motions to be filed by November 8, 2024. The scheduling order, as agreed upon by the parties, afforded Mercer four months in which to conduct fact discovery.

On April 22, 2024, eleven days before the close of fact discovery, Mercer's prior counsel filed a motion for leave to withdraw (DN 11). Counsel stated in the motion that Mercer had terminated their relationship. On May 10, 2024, seven days after the close of fact discovery,

Mercer's present counsel filed her entry of appearance (DN 13) and simultaneously filed the subject motion to amend the scheduling order (DN 14). Mercer seeks an extension of the deadline for discovery by two months, and for extension of the remaining deadlines as well.

Fed. R. Civ. P. 16(b)(4) provides that a schedule "may be modified only for good cause and with the judge's consent." "'The primary measure of [Civil] Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 478 (6th Cir. 2014) (quoting Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)). But the Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Smith, 595 F. App'x at 479. Thus, a movant who fails to show diligence will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order. Interstate Packaging Co. v. Century Indem. Co., 291 F.R.D. 139, 145 (M.D. Tenn. 2013) (citing Leary v. Daeschner, 349 F.3d 888, 906, 909 (6th Cir. 2003)); Korn v. Paul Revere Life Ins. Co., 382 F. App'x 443, 449 (6th Cir. 2010)).

Where the request to amend the scheduling order is directed to an extension of time for discovery, the Court employs an additional layer of inquiry as to whether the requesting party has demonstrated good cause. In Dowling v. Cleveland Clinic Found., 593 F.3d 472 (6th Cir. 2010), the court identified five elements for consideration: (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below [i.e., the outcome at the trial court]; (3) the length of the discovery period; (4) whether the moving party

was dilatory; and (5) whether the adverse party was responsive to prior discovery requests. Id. at 478.

Mercer explains in her motion that she discharged her prior attorney "after a significant disagreement over the handling of her case developed" (DN 14, p. 2). Although prior counsel conducted two depositions of Wal-Mart's employees, she believes that additional discovery is needed. She states also that Wal-Mart served responses to her interrogatories and requests for production of documents on August 17, 2023, but they were not adequately responsive as "[n]early every answer made nonspecific boilerplate objections that were blanket, unsupported objections" (DN 17, p. 7). She further explains that a medical issue has delayed prior counsel's provision of some file materials to her current counsel. Finally, she notes that she has continued to treat her injuries and the "strategy of allowing sufficient time for a personal injury client to reach maximum medical improvement ('MMI') before engaging in expensive discovery so that it would not need to be duplicated later when Plaintiff had completed her treatment is a calculated method of handling a case and is not a lack of diligence" (Id. at p. 6).

Both parties have discussed at length present counsel's initial involvement in the case in state court and her efforts to reacquaint herself with the posture of the case after her recent entry as counsel. The undersigned will not recount these arguments, as the question of diligence is not measured solely on the efforts of present counsel in the short time since her assumption of Mercer's representation. The question of diligence is measured in light of the entirety of the case.

> "It must be admitted that in the preparation and trial of a law suit the attorney acts as the agent of his client and that the client is bound by the acts of his attorney in the course of that litigation." Lisanby v. Illinois C. R. Co., 209 Ky. 325, 272 S.W. 753, 754 (Ky. 1925). Carelessness or attorney error is insufficient to constitute good cause under Rule 16(b), even when a party was not informed of her attorney's actions. Banks v. City of Philadelphia, No. 14-82, 309 F.R.D. 287, 290-91 (E.D. Penn. Aug. 14, 2015). "The case law is clear, however, that after the party's lack of diligence has otherwise been established, new counsel's entry into a case does

3

not serve as a magic wand that enables the party to conjure up a showing of good cause." GlaxoSmithKline LLC v. Glenmark Pharms. Inc., USA, No. 14-877-LPS-CJB, 2016 U.S. Dist. LEXIS 173408, 2016 WL 7319670, at *3 (D. Del. Dec. 15, 2016).

Garrison v. Sam's East, Inc., No. 1:16-CV-00152-GNS, 2018 U.S. Dist. LEXIS 161483, at *6-7 (W.D. Ky. Sept. 21, 2018); *see also* Campos v. United States, No. 1:19-cv-01190-JDB-jay (Lead Case); No. 1:19-cv-01254-JDB-jay (Member Case), 2021 U.S. Dist. LEXIS 228218, at *10 (W.D. Tenn. Nov. 30, 2021); Burkesville Hardwoods, LLC v. Coomer, No. 1:18-CV-00018-GNS-HBB, 2023 U.S. Dist. LEXIS 226559, at *6 (W.D. Ky. Dec. 20, 2023). The Court must assess a party's diligence based upon the case as a whole. Otherwise, a party could re-set the deadline clock at any time during litigation simply by retaining new counsel.

1. When Mercer learned of the issue that is the subject of discovery.

Although Mercer conducted discovery depositions of two Wal-Mart employees, she indicates in her motion she believes additional written discovery requests, the depositions of other Wal-Mart employees, and a deposition of a Wal-Mart corporate representative under Rule 30(b)(6) are necessary (DN 14 pp. 2-3). Diligence is not measured by what a party believes prior counsel *did not do that should have been done*. Rather it is measured by whether prior counsel *could not have conducted* the desired discovery within the allotted time, despite prior counsel's best efforts. A court may modify a scheduling order for good cause only if a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Leary, 349 F.3d at 906. Thus, a movant must show that despite her diligence the original deadline in the scheduling order could not have reasonably been met. Woodcock v. Ky. Dep't of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 U.S. Dist. LEXIS 87241, at *2 (W.D. Ky. July 6, 2016). Mercer has not demonstrated that any of the additional discovery she wishes to conduct could not have been accomplished during the time allotted by the scheduling order. Mercer also does not contend that there is some new

4

information giving rise to the need for additional discovery and she could not have procured it before the deadline expired. To the contrary, Mercer's motion establishes that she was uniquely knowledgeable about the issues which would be the subjects of discovery in the case:

> Plaintiff has special knowledge about how cases of water bottles are to be safely and properly stacked per company procedure at Walmart. Plaintiff had previously worked at Walmart for eleven (11) years and had been trained on the proper method for stacking cases of water bottles in a staggered manner so that a tall stack of cases would not fall over onto customers as they were lifted off the stack. As a long-time, well-trained former Walmart employee, Plaintiff has distinct knowledge about how the product was supposed to be stacked per Defendant's policies as it was loaded and off-loaded from the front-end loader.

(DN 17, p. 2). It is evident that Mercer was aware of the issues which are the subjects of discovery, namely the facts of the accident and Wal-Mart's policies and procedures, from the outset of the case.

2. How the discovery would affect the ruling below.

This is a Dowling factor routinely noted in opinions but to which significant analysis is rarely afforded, as it is not related to the primary question of a party's diligence. Rather, to the undersigned, it appears to be an equitable component of the analysis intended to weed-out irrelevant or marginally relevant additional desired discovery. Here it cannot be said that the additional discovery Mercer desires could not have an impact on the proof she is able to present at trial and thus weighs in her favor, although, of all the Dowling factors, this favorable finding carries the least weight in the analysis.

3. The length of the discovery period.

In the parties' planning meeting joint report (DN 9), Mercer agreed that a deadline of May 3, 2024, was sufficient to conduct discovery in what appears to be a relatively straight-forward premises liability action. Wal-Mart notes:

5

> Following removal to this Court, the parties agreed on proposed litigation deadlines. Given that this case had been pending in state court for nearly a year, and that much of the relevant discovery had been taken, the parties agreed that limited additional discovery, including depositions of involved Walmart Associates, would be necessary. Thus, the parties agreed to a May 3, 2024 deadline to complete fact discovery. (*See* Scheduling Order [DN 10]). Plaintiff took the depositions of two Walmart Associates on March 20, 2024 and took no further discovery before the deadline passed.

(DN 16, p. 1-2). While current counsel second-guesses what additional discovery *should* have been conducted, there is no indication in Mercer's motion that the discovery *could not* have been conducted in the time allotted, and to which she agreed.

4. Whether Mercer was dilatory.

Wal-Mart states that, prior to the expiration of the discovery deadline, Mercer made no requests for additional discovery (Id. at p. 2). Mercer contends that, because she was undergoing medical treatment, it was a strategic decision not to engage in discovery which might prove to be duplicative, and not an indication of a lack of diligence. If Mercer has not fully recovered from her injuries, this might impact her ability to disclose final expert opinions[1] or damages calculations, however, the undersigned fails to see how this could relate to her ability to, or the necessity of, taking fact discovery about the accident or Wal-Mart's policies. Mercer offers no further justification for her failure to seek the requested discovery, or to file a motion to extend the deadline, prior to the expiration

5. Whether Wal-Mart was responsive to prior discovery requests.

Mercer does not contend that Wal-Mart failed to make witnesses available for depositions. To the contrary, Mercer requested the depositions of two employees, and Wal-Mart made them available. Mercer criticizes Wal-Mart's responses to written discovery as "nonspecific boilerplate objections." However, she states that she received the responses on August 17, 2023, thus while

---

[1] As of the date of this Order, Mercer's deadline for identification of expert witnesses has not yet expired.

the case was still pending in state court and before removal to this Court. Mercer was in possession of the allegedly deficient discovery responses for nine months before the discovery deadline in this Court expired, yet she did not file a motion to compel Wal-Mart to amend its responses or for a ruling on Wal-Mart's objections. The Court must take into consideration whether the moving party requested the Court's assistance in compelling the information or extending the deadline before it expired in assessing the moving party's diligence. *See* Harmon v. Green-Taylor Water Dist., No. 1:17-CV-00071-GNS, 2018 U.S. Dist. LEXIS 135964, at *8 (W.D. Ky. Aug. 13, 2018): Burkesville Hardwoods, 2023 U.S. Dist. LEXIS 226559, at *6-7.

In sum, the undersigned concludes that Mercer has not demonstrated good cause for amending the scheduling order to provide additional time for discovery.

### ORDER

**WHEREFORE**, Plaintiff's motion to amend the scheduling order, DN 14, is **DENIED**.

May 31, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:   Counsel of Record